IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JUAN MCCLENDON                                                          PLAINTIFF

v.                          No. 4:22-cv-867-DPM

UNITED OF OMAHA LIFE
INSURANCE COMPANY                                                       DEFENDANT

ORDER

Juan McClendon worked for Hendrix College as a pizza cook for a few months in early 2020. Because of the COVID-19 pandemic, Hendrix transferred him to a different department and then furloughed him. Other than attending some training, he hasn't worked since July 2020, when he was diagnosed with COVID-19. He believes that he has had long-COVID since then. While he has various ailments, he says brain fog is his enduring condition.

McClendon received short-term disability benefits from Hendrix's benefits plan through United of Omaha Life Insurance Company—the claims administrator. He applied for long-term disability benefits, but United denied his application.

> After careful review and consideration, we concluded you are not seeking Regular and Appropriate Care and Treatment, for which you are claiming disability. Also, we have not received the information needed to determine the extent of your disability. Therefore, no benefits are payable, and your claim has been denied, as you did not satisfy the

policy definition of disability.

*AR 564.* United also rejected his appeal, saying that "the medical documentation did not provide sufficient clinical evidence to support restrictions and limitations, or functional impairment precluding [McClendon] from performing the material duties of his Regular Occupation." *AR 63.*

McClendon now sues, seeking the long-term benefits. The parties agree that the *de novo* standard of review applies. ARK. ADMIN. CODE 054.00.101-4. The Court must determine, based on an independent review of the record, whether McClendon's claim is supported by a preponderance of the evidence. *Kaminski v. UNUM Life Insurance Co. of America*, 517 F. Supp. 3d 825, 858 (D. Minn. 2021). Considering the record as a whole and the governing law, the Court concludes that United did not err in denying McClendon further benefits under the policy's "own occupation" provision.

McClendon is entitled to long-term benefits if he was disabled[*]

---

[*]*Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
    (a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
    (b) after the Elimination Period, You are:

under Hendrix's plan. He must prove that he has long-COVID, and that the symptoms that come with it make him unable to perform at least one material duty of his occupation. *AR 33-34; Kaminski*, 517 F. Supp. 3d at 858. United concluded that McClendon did not provide enough information for the company to determine the extent of any disability. The Court agrees. The medical records submitted show uncertainty rather than clarity.

McClendon provided an attending physician statement from Nurse Elana Russell, a neurology APRN. Nurse Russell said that McClendon was "Somewhat Limited" in all categories of his mental abilities. *AR 139*. She also said he could occasionally lift and carry eleven to twenty-five pounds. *AR 138*. Although Nurse Russell noted that he "has brain fog and trouble with concentration," she did not conclude that McClendon could not perform at least one of his main tasks as a pizza cook. *AR 139*.

McClendon also provided an attending physician statement from Dr. William Freeman, his primary care physician. Dr. Freeman diagnosed McClendon with palpitations, muscle pain, and memory

---

1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.

*AR 38* (emphasis original).

loss. *AR 1332*. He referred him to several specialists, including a cardiologist, a neurologist, a rheumatologist, and an ear, nose, and throat physician. *Ibid*. Dr. Freeman concluded that McClendon was unable to perform work-related duties, but could perform tasks as he felt able. *AR 1333*.

No conclusive objective evidence exists that McClendon's symptoms are disabling. Dr. Timothy Freyaldenhoven, a neurologist, evaluated McClendon for his complaints of brain fog. In Dr. Freyaldenhoven's opinion, all of McClendon's test results came back normal. *AR 432-433*. His electroencephalogram results were normal, and his MRI showed no abnormal findings. *AR 196-203 & 432*. His modified mini-mental state exam yielded normal neurological results. *AR 537-538*. McClendon did not keep his neuropsychological testing appointment. *AR 564*. (His lawyer suggests in argument that McClendon had lost his insurance and could not afford these expensive tests.) Dr. Freeman conducted an extensive cardiac evaluation. Other than occasional premature atrial and ventricular contraction and one episode of chest pain with mild tachycardia, all the test results were normal. *AR 450 & 458-483*. He also noted that McClendon had intact muscle strength throughout all of his extremities plus a normal gait and station. *AR 331-358*. Dr. Donald Steely, a cardiologist, reported that McClendon's echocardiogram results were normal, too. *AR 551-554*.

There's no doubt that Dr. Freeman, the primary care physician,

concluded that McClendon could not do his job and excused him from work. But the extensive testing and evaluations done by various specialists provide no objective basis for any disabling condition. McClendon's reports of brain fog are consistent and long-standing. Nothing in his MRI or other neurological tests linked those reports, however, with any physical or mental condition. And none of McClendon's doctors said his brain fog made him unable to do any important task required of a pizza cook on a full-time or part-time basis.

\* \* \*

McClendon's motion for summary judgment, *Doc. 15*, is denied. United's motion for judgment on the record, *Doc. 16*, is granted. Judgment will issue.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 March 2024